Totten, J.
delivered the opinion of the court.
This bill,'* filed in chancery at Huntingdon, was dismissed on demurrer, and complainant has appealed to this court. The facts charged in the bill are briefly these: complainant agreed to purchase of Ramsy Henderson a lot of land No. 81, in Huntingdon, and two acres and one hundred and forty-nine poles of land in Carroll county; part of the purchase money was paid and notes given for the balance, and Henderson executed his bond for title on payment thereof. The vendee took possession, and in March, 1846, completed said payment. At May term, 1846, of the circuit court of Carroll, Rockhill, Smith & Co. recovered judgment against said Henderson, on which execution issued to the sheriff of Carroll, in virtue whereof he sold the land in question at public auction to defendant.
*421 •The complainant’s title bond had never been registered; but it is alleged that defendant, as an attorney at law, drew file title bond, and that he also attested it as a witness; and, further, that he was also the attorney of Rockhill, Smith & Co. in the suit against said Henderson, and at the time he purchased at sheriff’s sale had full notice of plaintiff’s title, and that the purchase money had been paid; that defendant, in virtue of his said purchase at sheriff’s sale, is proceeding in ejectment to turn plaintiff out of possession.
Upon this state of facts, it is assumed for coplainant that he has an equitable right to demand the legal title of defendant, because at the time of his purchase he had actual notice of complainant’s previous purchase and payment.
The 12th section of the registry act of 1831, chap. 90, declares that all instruments not registered in conformity to that act “shall be null and void as to existing or subsequent creditors or bona fide purchasers without notice.” The creditors referred to are judgment creditors, as to whom it is .expressly declared, that unregistered title shall be null and void. It follows, therefore, that the creditors of the vendor, in the present case, had a right to cause the land in question to be levied on and sold in satisfaction of their judgment, because as to them the title bond not beinp; registered, was null and void. The act of the defendant in causing this sale to be made was merely as their attorney and for their benefit.
If the creditors of the vendor had right to a sale of the land, there can be no reason why the defendant as well as another might not purchase. To deny his right to purchase, would be so far to restrict the creditor’s right to sell, because his right is, that property shall be sold to the *422 highest bidder, to raise a fund for the payment of his debt Nor do we think that the fact that the defendant had been attorney for the parties, and had full notice of complainant’s equitable right, should affect in any degree his title acquired by purchase at the sheriff’s sale. The transfer of the title to him was by act of Jaw, and not by the act of complainant’s vendor; in such case his conscience is in no wise affected by the circumstances attending the purchase. It is true, as argued by counsel, that if a subsequent purchaser has notice at the time of his purchase of a prior unregistered conveyance, he shall not be permitted to avail himself of his title against the prior conveyance. But this is where the sale is made by act of the parties and not by act of law. And in such case, says chancellor Kent, the “notice that is to break in upon the registry acts must be such as will, with the attending circumstances, affect the party with fraud.” See 2 John. C. R. 190.
The subsequent purchaser, with notice of an unregistered conveyance, is a fraudulent purchaser. He becomes by such conduct, says Mr. Story, a particeps criminis of the fraudulent vendor, and will be held a trustee of the person whom he has sought to injure. 1 Story Eq. sec. 396 to 398.
But in the present case, the sale was not by any fraudulent act of the parties, but by act of law, and not for the benefit of a fraudulent vendor and vendee, but for the benefit of a judgment creditor.
It is further insisted that the purchaser’s title is subject to the plaintiff’s equitable right, because the sheriff’s sale could transfer no greater right than that which was in the debtor at the time of the sale, and that the debtor was in fact only a trustee for the plaintiff, who was the real owner.
*423 This principle is not applicable to a case like the one now before us, and to give effect to it would be to defeat the policy, and, indeed, the express provisions of the registry act. The legal title being in the debtor, it was transferred by sheriff’s sale to the purchaser; and there was and is no legal evidence of an outstanding equity in the complainant. It could only appear by the registration of his title bond, and without that he has no equity against the creditor, under whose judgment the defendant purchased. The title of the sheriff’s vendee was therefore perfect and complete. See Stanly vs. Nelson & Dickinson, 4 Hum. R. 484; Johnson vs. Morgan, 2 Hum. R. 115.
The decree of the chancellor will be affirmed.